FILED
CLERK
6/30/2015 4:25 pm
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------X
CHRISTOPHER HUGGINS, #14004575,

                Plaintiff,

      -against-

DEVANE & GRODER and
JEFFERY GRODER,

               Defendants.
------------------------------------------------------X

MEMORANDUM & ORDER
15-CV-2463(SJF)(ARL)

FEUERSTEIN, District Judge:

On April 23, 2015, incarcerated *pro se* plaintiff Christopher Huggins ("plaintiff") filed a complaint pursuant to 42 U.S.C. § 1983 ("section 1983") against Devane & Groder and Jeffery Groder (collectively, "defendants"), together with an application to proceed *in forma pauperis*. Since plaintiff's financial status, as set forth in the declaration in support of his application to proceed *in forma pauperis*, qualifies him to commence this action without prepayment of the filing fee, see 28 U.S.C. §§ 1914(a); 1915(a)(1), plaintiff's application to proceed *in forma pauperis* is granted. However, for the reasons set forth below, plaintiff's complaint is *sua sponte* dismissed in its entirety.

I.      Background[1]

Plaintiff alleges the following:

"* * * Mr. Groder was representing on a (Drug-case) and he failed to provide me
with (Effective) assistance of counsel, as he was fully aware the problems with the

---

[1] All material allegations in the complaint are assumed to be true for the purposes of this Order, see, e.g., Rogers v. City of Troy, N.Y., 148 F.3d 52, 58 (2d Cir. 1998) (in reviewing a *pro se* complaint for *sua sponte* dismissal, a court is required to accept the material allegations in the complaint as true), and do not constitute findings of fact by the Court.

> (Police Depts) Lab – and yet he fully assisted the District Attorney's office in obtaining a conviction with (tainted Evidence)[.] Mr. Groder & the Judge were well aware of the Existing Problems the (Police Depts) Lab, Giving False[] Information to the Courts. On DKT #0778/–2009 I found-out [sic] from the Newspaper about the police-labs [sic] problems[] and brought it to the attention of Mr. Groder & was informed that-that [sic] didn't apply in my case, which in it's [sic] self was false and very misleading[.]"

(Compl. ¶ IV). Plaintiff further claims that he "recieved [sic], bad advice, from Mr. Groder, and at every stage he [Groder] violated [plaintiff's] constitutional right to effective assistance of counsel." (Compl. ¶ IV.A). Plaintiff seeks "compensatory, punitive and exemplary damages . . . in an amount to be determined on the trial of this action[]" and judgment declaring that "the policies & practices of Mr. Groder violated [his] Due Process Rights * * *." (*Id*. at ¶ V).

II. Discussion

    A.    Standard of Review

Under both the Prison Litigation Reform Act, 28 U.S.C. § 1915A, and the *in forma pauperis* statute, 29 U.S.C. § 1915(e)(2), a district court must dismiss a complaint if it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B). See Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007) (finding both Section 1915 and Section 1915A to be applicable to a prisoner proceeding *in forma pauperis*).

It is axiomatic that district courts are required to read *pro se* complaints liberally, see Gerstenbluth v. Credit Suisse Sec. (USA) LLC, 728 F.3d 139, 142-43 (2d Cir. 2013), and to construe them "to raise the strongest arguments that they suggest." Kirkland v. Cablevision Sys., 760 F.3d 223, 224 (2d Cir. 2014) (quotations and citations omitted). Moreover, at the pleadings

2

stage of the proceeding, the Court must assume "all well-pleaded, nonconclusory factual allegations in the complaint to be true." Kiobel v. Royal Dutch Petroleum Co., 621 F.3d 111, 124 (2d Cir. 2010), aff'd — U.S. —, 133 S. Ct. 1659, 185 L. Ed. 2d 671 (2013) (citing Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949-50, 173 L. Ed. 2d 868 (2009)); see also Jackson v. Birmingham Bd. of Educ., 544 U.S. 167, 171, 125 S. Ct. 1497, 161 L. Ed. 2d 361 (2005).

Nevertheless, a complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007). While the plausibility standard "does not require detailed factual allegations," it "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678, 129 S. Ct. 1937. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Id. (quoting Twombly, 550 U.S. at 555, 127 S. Ct. 1955). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 557, 127 S. Ct. 1937).

B.  Section 1983

Section 1983 of Tile 42 of the United States Code provides, in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . .

42 U.S.C. § 1983. "Section 1983 provides a cause of action against any person who deprives an individual of federally guaranteed rights 'under color' of state law." See, e.g., Filarsky v. Delia,

--- U.S. ----, 132 S. Ct. 1657, 1661, 182 L. Ed. 2d 662 (2012). Thus, to state a Section 1983 claim, a plaintiff must allege: (1) that the challenged conduct was "committed by a person acting under color of state law," and (2) that such conduct "deprived [the plaintiff] of rights, privileges, or immunities secured by the Constitution or laws of the United States." Cornejo v. Bell, 592 F.3d 121, 127 (2d Cir. 2010) (citation omitted); see also Rehberg v. Paulk, --- U.S. ----, 132 S. Ct. 1497, 1501-02, 182 L. Ed. 2d 593 (2012).

1.  Color of State Law

Section 1983 liability may only be imposed upon wrongdoers "who carry a badge of authority of a State and represent it in some capacity, whether they act in accordance with their authority or misuse it." Nat'l Collegiate Athletic Ass'n v.Tarkanian, 488 U.S. 179, 191, 109 S. Ct. 454, 102 L. Ed. 2d 469 (1988) (quotations and citation omitted); see also Hafer v. Melo, 502 U.S. 21, 28, 112 S. Ct. 358, 116 L. Ed. 2d 301 (1991) ("Congress enacted § 1983 to enforce provisions of the Fourteenth Amendment against those who carry a badge of authority of a State and represent it in some capacity, whether they act in accordance with their authority or misuse it." (quotations and citations omitted)).

Nevertheless, "[a] private actor may be liable under§ 1983 * * * if there is a sufficiently close nexus between the State and the challenged action that seemingly private behavior may be fairly treated as that of the State itself." Sykes v. Bank of America, 723 F .3d 399, 406 (2d Cir. 2013) (quotations, internal quotations and citations omitted); see also Fabrikant v. French, 691 F.3d 193, 206-07 (2d Cir. 2012) ("Conduct that is formally 'private' may become so entwined with governmental policies or so impregnated with a governmental character that it can be

4

regarded as governmental action. * * * [T]here must be such a close nexus between the state and the challenged action that the state is responsible for the specific conduct of which the plaintiff complains." (quotations, alterations, emphasis and citations omitted)). "Anyone whose conduct is fairly attributable to the state can be sued as a state actor under § 1983." Filarsky, --- U.S. ----, 132 S. Ct. at 1661; see also Fabrikant, 691 F.3d at 207 ("The fundamental question * * * is whether the private entity's challenged actions are 'fairly attributable' to the state." (quoting Rendell-Baker v. Kohn, 457 U.S. 830, 838, 102 S. Ct. 2764, 73 L. Ed. 2d 418 (1982))). "Three main tests have emerged:

> For the purposes of section 1983, the actions of a nominally private entity are attributable to the state . . . (1) [when] the entity acts pursuant to the coercive power of the state or is controlled by the state ('the compulsion test'); (2) when the state provides significant encouragement to the entity, the entity is a willful participant in joint activity with the state, or the entity's functions are entwined with state policies ('the joint action test' or 'close nexus test'); or (3) when the entity has been delegated a public function by the state ('the public function test)."

Fabrikant, 691 F.3d at 207 (quoting Sybalski v. Indep. Grp. Home Living Program, Inc., 546 F.3d 255, 257 (2d Cir. 2008) (alteration in original)); accord McGugan v. Aldana-Bernier, 752 F.3d 224, 229 (2d Cir. 2014), cert. denied, 135 S. Ct. 1703 (2015).

Generally, attorneys, whether court-appointed or privately retained, are not state actors for purposes of Section 1983. See, e.g. Vermont v. Brillon, 556 U.S. 81, 91, 129 S. Ct. 1283, 1291, 173 L. Ed. 2d 231 (2009) ("[A]ssigned counsel ordinarily is not considered a state actor."); Polk County v. Dodson, 454 U.S. 312, 325, 102 S. Ct. 445, 70 L. Ed. 2d 509 (1981) ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."); Schnabel v. Abramson, 232 F.3d 83, 87 (2d

5

Cir. 2000) ("[A] Legal Aid Society ordinarily is not a state actor amenable to suit under Section 1983."); Rodriguez v. Weprin, 116 F.3d 62, 65-66 (2d Cir. 1997) ("[I]t is well-established that court-appointed attorneys performing a lawyer's traditional functions as counsel to defendant do not act 'under color of state law' and therefore are not subject to suit under 42 U.S.C. § 1983." (citing Housand v. Heiman, 594 F.2d 923, 924-25 (2d Cir. 1979))). Since plaintiff's claims challenge only the performance of his counsel's traditional functions during the criminal proceeding against him, defendants are not state actors for purposes of Section 1983. Accordingly, plaintiff's § 1983 claims against defendants are dismissed in their entirety pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) for failure to state a claim for relief.

C.  Leave to Amend

Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that a party shall be given leave to amend "when justice so requires." Although "a *pro se* complaint should not be dismissed without the Court granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated[,]" Nielsen v. Rabin, 746 F.3d 58, 62 (2d Cir. 2014) (quotations and citation omitted); accord Grullon v. City of New Haven, 720 F.3d 133, 139-40 (2d Cir. 2013), leave to amend may be denied, *inter alia*, when amendment would be futile. See Foman v. Davis, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962); Nielsen, 746 F.3d at 62; Grullon, 720 F.3d at 140. Since the deficiency in plaintiff's claim is substantive and not curable by way of re-pleading, any amendment to the complaint would be futile. Accordingly, plaintiff's Section 1983 claims against defendants are dismissed in their entirety with prejudice.

D. Supplemental Jurisdiction

Although the dismissal of state law claims is not required when the federal claims in an action are dismissed, a federal court may decline to exercise supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367(c)(3). See Carlsbad Technology, Inc. v. HIF Bio, Inc., 556 U.S. 635, 129 S. Ct. 1862, 1866-1867, 173 L. Ed. 2d 843 (2009) (holding that a district court's decision whether to exercise supplemental jurisdiction after dismissing every claim over which it had original jurisdiction is purely discretionary); Pension Benefit Guar. Corp. ex rel. St. Vincent Catholic Med. Ctrs. Ret. Plan v. Morgan Stanley Inv. Mgmt. Inc., 712 F.3d 705, 726 (2d Cir. 2013) ("It is a truism of federal civil procedure that in providing that a district court 'may' decline to exercise [supplemental] jurisdiction, § 1367(c) is permissive rather than mandatory." (quotations, brackets and citation omitted)). The court must "consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity in order to decide whether to exercise jurisdiction" over the pendent state law claims. Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350, n. 7, 108 S. Ct. 614, 98 L. Ed. 2d 720 (1988); see also Lundy v. Catholic Health Sys. of Long Island Inc., 711 F.3d 106, 117-18 (2d Cir. 2013) (accord). Generally, where all of the federal claims in an action are dismissed before trial, the balance of factors will favor declining to exercise supplemental jurisdiction over the remaining state law claims. See Cohill, 484 U.S. at 350 n. 7, 108 S. Ct. 614; Lundy, 711 F.3d at 118 ("Once all federal claims have been dismissed, the balance of factors will usually point toward a declination."); Brzak v. United Nations, 597 F.3d 107, 113-14 (2d Cir. 2010) ("[I]f a plaintiff's federal claims are dismissed before trial, the state claims should be dismissed as well.")

Insofar as the complaint can be read to assert any state law claims against defendants, in light of the dismissal of all federal claims in this action prior to service of summonses and the complaint upon defendants, and upon consideration of all relevant factors, i.e., judicial economy, convenience, fairness and comity, I decline to exercise supplemental jurisdiction over those claims. Accordingly, any state law claims asserted by plaintiff in the complaint are dismissed without prejudice pursuant to 28 U.S.C. § 1367(c)(3).

III. Conclusion

For the reasons set forth above, plaintiff's application to proceed *in forma pauperis* is granted; plaintiff's Section 1983 claims are *sua sponte* dismissed in their entirety with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) for failure to state a claim for relief; and any state law claims asserted in the complaint are dismissed without prejudice pursuant to 28 U.S.C. § 1367(c)(3). The Clerk of the Court shall close this case and, pursuant to Rule 77(d)(1) of the Federal Rules of Civil Procedure, serve notice of entry of this Order upon plaintiff as provided in Rule 5(b) of the Federal Rules of Civil Procedure and record such service on the docket.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

**SO ORDERED.**

Dated: June 30, 2015
      Central Islip, New York                                                     /s/
                                                                       Sandra J. Feuerstein, U.S.D.J.